IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01617-GPG-CYC

ESTHER BODEK,

      Plaintiff,

v.

JESSICA YATES, *in her individual and official capacities as Attorney Regulation Counsel for the Colorado Supreme Court*,
JOHANA BARBARA JONES, *in her individual and official capacities as the Director of the New Jersey Office of Attorney Ethics*,
TARA HANA, *in her individual and official capacities as the Deputy Ethics Counsel of the New Jersey Office of Attorney Ethics*,
SUSAN PERRY-SLAY, *in her individual and official capacities as the Investigator for the Office of Attorney Ethics*, and
ABIGAIL STOLFE,

      Defendants.

---

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter comes before the Court on the Order to Show Cause, ECF No. 42, issued on May 20, 2026, addressing the plaintiff's failure to prosecute this case and her failure to provide a mailing address at which the Court can send her correspondence regarding this case.

## BACKGROUND

The plaintiff filed this case in the United States District Court for the Northern District of Texas on September 29, 2025. ECF No. 3. While the case was pending in Texas, the plaintiff filed a motion regarding service of process and two motions to quash service were filed by defendants. ECF Nos. 16, 18, 20. The case was transferred to this District on April 15, 2026. ECF No. 29. Two days later, the Court entered a Minute Order setting a Scheduling Conference,

ECF No. 35, which was later converted to a Status Conference. ECF No. 36. The Minute Order

setting the Scheduling Conference was mailed to the plaintiff at the address she provided in the

complaint, ECF No. 3 at 15 and ¶ 14, but was returned to the Court as undeliverable. ECF No.

37. That same day, the Clerk of the Court emailed ECF Nos. 35 and 36 to the plaintiff at an

email address found on the docket sheet provided by the court in Texas. ECF No. 38. On May 7,

2026, the Court sua sponte entered a Minute Order setting a deadline for the plaintiff to respond

to the defendants' pending motions. ECF No. 40. In that order, the Court reminded the plaintiff

of her obligation to comply with all Court orders and applicable rules and warned her "that her

failure to respond to defendants Tara Hana, Johana Barbara Jones, and Susan Perry-Slay's

motion, and her failure to update her address, may result in the Court issuing an order to show

cause as to why the case should not be dismissed for a failure to prosecute." *Id*. About two weeks

later, after the plaintiff failed to respond to the defendants' pending motions, the Court issued an

Order to Show Cause ordering the plaintiff to show cause "in writing, why the Court should not

dismiss her claims against the defendants without prejudice pursuant to D.C.COLO.LCivR 41.1

for failure to prosecute and failure to comply with a Court order" on or before June 1, 2026. ECF

No. 42 at 3. The Order to Show Cause was sent to the plaintiff by email and certified mail. The

plaintiff has not responded to the Order to Show Cause and the deadline to do so has elapsed. On

June 2, 2026, the Court held the previously scheduled Status Conference. The plaintiff did not

appear, nor did she contact the Court with a request to appear remotely or to reschedule the

conference.

## **ANALYSIS**

While the plaintiff proceeds pro se, she is an attorney, and as such, does not benefit from

liberal construction of pro se pleadings. *Tatten v. City & Cnty. of Denver,* 730 F. App'x 620, 625

(10th Cir. 2018); *McNamara v. Brauchler*, 570 F. App'x 741, 743 n.2 (10th Cir. 2014) (finding

no reason to hold a disbarred attorney "to a less stringent standard than other legally trained

individuals"). And she has been reminded twice, ECF Nos. 40 and 42, that she must comply with

Court orders, the Local Rules of this District, and the Federal Rules of Civil Procedure. Despite

this, she has failed to comply with Court orders, applicable rules, and to appear at a Court

conference. As a result, the case is at a standstill: the defendants and the Court have no way to

contact the plaintiff and the case cannot progress without her participation.

The applicable rules provide authority for the Court to take action in such a situation.

D.C.COLO.LCivR 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be
> dismissed for failure to prosecute or failure to comply with these rules, the
> Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a
> district judge or a magistrate judge exercising consent jurisdiction may enter an
> order of dismissal with or without prejudice.

In addition, Federal Rule of Civil Procedure 16(f) provides in part: "[o]n motion or on its own,

the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a

party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Rule

37(b)(2)(A)(ii)-(vii) permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated
> claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to
> submit to a physical or mental examination.

Further authority is found in Federal Rule of Civil Procedure 41(b), which provides in relevant

part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant

may move to dismiss the action or any claim against it. Unless the dismissal order states

otherwise, a dismissal under this subsection (b) . . . operates as an adjudication on the merits."

Although Rule 41(b) permits dismissal upon a defendant's motion, "the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)); *see Vanmaanen v. N. Plains Trucking*, No. 16-cv-00640-MEH, 2017 WL 491188, at *2 (D. Colo. Feb. 7, 2017) ("[Rule 41(b)] has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders." (citing *Link*, 370 U.S. at 630–31)).

When considering dismissal under Rule 41(b) based on a party's failure to comply with a court order, the Court considers the following five factors, initially set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992): (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. *Olsen*, 333 F.3d at 1204; *see Quarrie v. N.M. Inst. of Mining & Tech.*, 621 Fed. App'x 928, 931–34 (10th Cir. 2015). The Court finds all factors weigh in favor of dismissal.

First, the defendants suffer actual prejudice because this case is at a standstill, they have no means by which to contact the plaintiff, they have incurred legal fees for attending a Court-ordered conference at which the plaintiff did not appear, and there is uncertainty about the resolution of the claims against them. *See Griffith v. Gener Dysphoria Treatment Comm.*, No. 23-cv-03281-DDD-MDB, 2024 WL 5320450, at *2 (D. Colo. July 24, 2024), *recommendation adopted*, 2024 WL 5320455 (D. Colo. Aug. 19, 2024). Second, by failing to comply with the Court's orders, the plaintiff interferes with the judicial process because the Court has expended resources and wasted time attempting to contact the plaintiff and held a status conference at

which it could not address issues due to the plaintiff's absence. Third, the plaintiff alone is

responsible for her conduct and, as an attorney, she should be aware of her obligation to comply

with Court orders without the need for the Court to remind her. But regardless, fourth, the Court

has reminded the plaintiff and warned her that failure to comply with the Court's orders may

result in dismissal. ECF Nos. 40 and 42. Finally, "there does not appear to be any lesser sanction

that would be effective as the Court has no way of contacting Plaintiff, and Plaintiff has not

taken any action to prosecute her claims." *Griffith*, 2024 WL 5320450, at *2; *Hancock v.

Fagerstedt*, No. 19-cv-00325-DDD-NRN, 2020 WL 2332118, at *2 (D. Colo. Feb. 27, 2020)

(recommending dismissal where plaintiff failed to update his address, attend court hearing, or

respond to order to show cause), *recommendation adopted*, 2020 WL 2322609 (D. Colo. May

11, 2020).

### CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS**[1] that the Order to Show Cause,

ECF No. 42, be made **ABSOLUTE** and the case be **DISMISSED without prejudice** pursuant to

Fed. R. Civ. P. 16(f) and/or 41(b) and D.C.COLO.LCivR 41.1 based on the plaintiff's failure to

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.

prosecute, failure to update her address with the Clerk of the Court, and failure to comply with Court orders.

Given that recommendation, it is hereby ORDERED that all pending motions, ECF Nos. 16, 18, 20, and 39, are **DENIED as moot.**

It is further ORDERED that the Clerk of the Court shall mail this Order and Recommendation to the plaintiff's address and email it to the plaintiff's email address: queenesther1776@pm.me.

Respectfully submitted this 4th day of June, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

6